UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| YOLANDA MONTALVO<br>    Plaintiff | §<br>§<br>§ | |
| V. | § | 7:20-cv-00187 |
| | § | |
| ROLAND JEFFREY HUDGINS, DANNY<br>HERMAN TRUCKING, INC<br>AKA DHT LEASING, LLC,<br>    Defendant | §<br>§<br>§<br>§ | |

### DEFENDANTS', RONALD (MISNAMED "ROLAND") JEFFREY HUDGINS, DANNY HERMAN TRUCKING, INC. AKA DHT LEASING, LLC, FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendants, **Ronald (misnamed "Roland") Jeffrey Hudgins,** and **Danny Herman Trucking, Inc. AKA DHT Leasing, LLC**, by their attorney of record, and file this their First Amended Answer to Plaintiff's Original Petition and would respectfully show unto the Court the following:

### A. ADMISSIONS AND DENIALS

1.  Plaintiff's preliminary paragraph does not require an answer.

2.  Plaintiff's paragraph 1 does not require an answer.

3.  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in Plaintiff's paragraph 2, therefore, Defendants deny the allegations in Plaintiff's paragraph 2.

4.  Defendants admit the allegations in Plaintiff's paragraph 3.

5.  Defendants deny the allegations in Plaintiff's paragraph 4.

6. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in Plaintiff's paragraph 5, therefore, Defendants deny the allegations in Plaintiff's paragraph 5.

7. Defendants admit the allegations contained in Plaintiff's paragraph 6.

8. Defendants deny the allegations contained in Plaintiff's paragraph 7.

9. Defendants deny the allegations contained in Paragraph 8.

10. Defendants deny the allegations contained in Plaintiff's paragraph 9.

11. Defendants deny the allegations contained in Plaintiff's paragraph 10.

12. Defendants deny the allegations contained in Plaintiff's paragraph 11.

13. Defendants deny the allegations contained in Plaintiff's paragraph 12.

14. Defendants deny the allegations contained in Plaintiff's paragraph 13.

15. Defendants deny the allegations contained in Plaintiff's paragraph 14.

16. Plaintiff's paragraph 15 does not require an answer.

17. Plaintiff's paragraph 16 does not require an answer.

18. Plaintiff's paragraph 17 does not require an answer.

19. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in Plaintiff's paragraph 18, therefore, Defendants deny the allegations in Plaintiff's paragraph 18.

20. Plaintiff's paragraph 19 does not require an answer.

21. Plaintiff's paragraph 20 does not require an answer.

22. Plaintiff's paragraph 21 does not require an answer.

23. Plaintiff's paragraph 22 does not require an answer.

## B. AFFIRMATIVE DEFENSES

24. For further answer herein, if such be necessary, Defendants allege that the acts of Plaintiff, in failing to use ordinary care for her safety, were a cause of the alleged incident or, in the alternative, that they were the sole cause. Specifically, Defendants affirmatively allege that Plaintiff owed a duty to act as a reasonable and prudent person at and around the time of the accident forming the basis of this lawsuit. Plaintiff breached this duty in the following ways, and said breach was a proximate cause of the accident forming the basis of this lawsuit and the injuries and damages for which Plaintiff sues, if any: failure to keep a proper lookout, failure to maintain an assured clear distance, following too closely, failure to pay attention to surroundings as would a reasonable and prudent person, and faulty evasive action.

25. For further answer, if such be necessary, and pleading in the alternative, Defendants further invoke the provisions of §33.001 of the Texas Civil Practice & Remedies Code. In this case, Defendants allege that the above-described negligence of Plaintiff is fifty-one percent (51%) or greater, and therefore, no damages may be recovered from these Defendants.

26. For further answer, if such be necessary, and pleading in the alternative, Defendants affirmatively allege that Plaintiff's claims are barred in whole or in part to the extent Plaintiff has failed to mitigate the effect of her alleged injuries and damages as required by law.

27. For further answer, if such be necessary, in addition to and/or pleading in the alternative, Defendants assert that they are entitled to the limitation on amount of recovery of medical or health care expenses recoverable to the amount actually paid or

incurred by or on behalf of Plaintiff pursuant to Section 41.015 of the Texas Civil Practice & Remedies Code.

### C. PRAYER

28.     For the foregoing reasons, Defendants respectfully request that the Court enter judgment that Plaintiff take nothing, assessing costs against Plaintiff, and award Defendants all of the relief to which Defendants show justly entitled.

Respectfully submitted,

/s/ Gabriel C. Gonzalez
**GABRIEL C. GONZALEZ** (Attorney-in-charge)
Texas State Bar No. 24074291
Federal I.D. #: 1477528
**CHRISTOPHER C. PETERSON**
Texas State Bar No. 00798430
Federal I.D.#:21184
cpeterson@lopezpeterson.com
**LOPEZ PETERSON, PLLC**
Colonnade Square I
101 West Hillside, Suite 1
Laredo, Texas 78041
(956) 718-2134 – Telephone
(956) 718-2045 – Facsimile
ggonzalez@lopezpeterson.com
*Attorneys For Defendants
Ronald (Misnamed "Roland") Jeffrey Hudgins
And Danny Herman Trucking, Inc. A/K/A DHT Leasing, LLC.*

### CERTIFICATE OF SERVICE

I certify that on December 23, 2020, a copy of the foregoing document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following individuals:

Ashley Cedillo
**LONCAR & ASSOCIATES**
321 S. 12th St.
McAllen, TX 78501

/s/ Gabriel C. Gonzalez
**GABRIEL C. GONZALEZ**
